IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ZORRI N. RUSH                                                    PLAINTIFF

V.                                                 CIVIL ACTION NO.: 1:18-CV-172

NANCY BERRYHILL, COMMISSIONER
OF SOCIAL SECURITY                                       DEFENDANT

ORDER

Zorri Rush filed this suit on September 12, 2018 seeking judicial review of an unfavorable decision of the Commissioner of Social Security when his claim for disability insurance benefits and supplemental security income benefits was denied. The Defendant filed a Motion [70] to remand, and the Plaintiff consented to the relief sought by the Defendant in that Motion. The Court granted the unopposed Motion, closing this case, on October 25, 2019. *See* [74].

In addition to this action, Rush has filed numerous other cases in this District. On April 30, 2019, the Court entered an Order dismissing thirteen *pro se* cases that the Plaintiff had filed. *See* Cause No. 1:19-CV-26 [16]. That Order [16] also directed the Clerk of Court to keep this same Plaintiff on "do not file" status and to hold all documents and pleadings the Plaintiff attempts to file in a separate file for the Court's review. The Court noted that the Order [16] did not impact the case at hand and, therefore, this case was not dismissed at that time; however, as noted above, this case has been closed since that time.

Now before the Court is the Plaintiff's Motion [78] for leave to file False Claims Act action under seal, for recusal of magistrate and presiding judges, and for relief from dismissal to open case. Also before the Court is the Plaintiff's Motion [79] to amend Complaint to Federal Tort Claim with entry of default judgment in favor of the Plaintiff, as well as his Motion for Leave to Amend New Filing [80]. The Court has reviewed these filings and finds nothing contained therein

entitling the Plaintiff to any relief whatsoever—in fact, the filings are similar to other documents which previously prompted the Court to place Rush on "do not file" status. Therefore, the Motions [78, 79, 80] are DENIED. *See Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986) (noting that a defendant's *pro se* status does not offer him "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.").

The Tenth Circuit addressed a similar issue in *Cedrins v. USCIS*. In 2009, Cedrins filed multiple repetitive, frivolous, and abusive *pro se* complaints. *Cedrins v. USCIS*, 383 Fed. Appx. 811 (10th Cir. 2010). The district court in that case entered an order instructing her not to file any more *pro se* complaints until she received written permission from the Chief United States Magistrate Judge for the District of New Mexico. *Id*. Cedrins then ignored the order altogether and filed another suit the next day. *Id*. Cedrins then appealed, focusing on the merits of her claims. *Id*. at 813. She did not attempt to make an argument as to why the court's order prevented her from bringing the complaint. *Id*. As a result, the Tenth Circuit dismissed Cedrins's complaint, without reaching the merits of her arguments, since she violated the district court's filing restrictions. *Id*. at 812-813. The Tenth Circuit found that since she did not dispute the district court's reasoning for its dismissal, then her appeal was frivolous and, as such, there was no need to reverse the district court's ruling. *Id*. at 813. *See Greenlee v. U.S. Postal Service*, 351 Fed. Appx. 263, 265 (10th Cir. 2009).

Here, Rush has already been placed on "do not file" status. However, Rush circumvented that status in this particular case because it was excluded from the Court's prior Order dismissing his thirteen other *pro se* cases that were pending on April 30, 2019. Because this matter has now concluded, there is no need for it to be excluded from the Court's "do not file" Order as to Rush

any longer. Therefore, the Court hereby ORDERS that Rush's "do not file" status is extended to this case. The Clerk of Court is directed to keep Rush on "do not file" status and hold all pleadings and documents that Rush attempts to file, including but not limited to filings in this case, in a separate file for the Court's review. Rush's Motions [78, 79, 80] are DENIED. This case remains closed.

      SO ORDERED, this the 5th day of June, 2020.

      /s/ Sharion Aycock  
      UNITED STATES DISTRICT JUDGE